# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

**IN: Kenneth Taggart**

**Case No: 2:22-cv-1031**

---

# APPELLANT'S BRIEF

**Kenneth Taggart, Pro Se**
**45 Heron Rd**
**Holland, Pa 18966**

**May 13,2022**

## TABLE OF CONTENTS

I.      TABLE OF CONTENTS………………………………………………ii

II.     APPENDIX……………………………………………………………iii

III.    TABLE OF AUTHORITIES……………………………………….iv

IV.     DESIGNATION OF ITEMS TO BE INCLUDED ON THE RECORD….viii

V.      PRELIMINARY SATEMENT……………………………………....1

VI.     STATEMENT OF FACTS…………………………………………..3

VII.    ORDERS IN QUESTION…………………………………….......4

VIII.   ISSUES PRESENTED ON APPEAL……………………………….4

IX.     JURISDICTION OF THIS COURT…………………………….....6

X.      SUMMARY OF CASE…………………………………………......6

XI.     NO JURISDICTION OR AUTHORITY OF BANKRUPTCY COURT…...9

XII.    THE MORTGAGED PROPERTY AND LOAN BY THE DEBTOR…….10

XIII.   PROCEDURAL HISTORY………………………………….….…..12

XIV.    THE DEFAULT BY PREDECESSOR OF AJX…………………….…13

XV.     ABSTENTION……………………………………………………14

XVI.    RELIEF THAT WAS REQUESTED BY AJX…………………….....15

XVII.   LEGAL ARGUMENT……………………………………………....16

XVIII.  STATUTE OF LIMITATIONS JURISDICTIONAL…………………20

XIX.    CONCLUSION…………………………………………………....22

## II.  APPENDIX

A-1    MOTION TO DETERMINE LIEN

A-2    NOTICE OF MOTION TO DETERMINE LIEN

A-3    OPPOSITION TO DETERMINE LIEN

A-4    ADVERSARY

A-5    TRANSCRIPT – HEARING MARCH 9, 2022

A-6    ORDER –GRANTING MOTION TO DETERMINE LIEN

A-7    NOTICE OF ORDER

A-8    NOTICE OF APPEAL

A-9    CERTIFICATION OF MAILING NOTICE OF APPEAL

A-10   E-TRANS – NOTICE OF APPEAL

A-11   NOTICE OF DOCEKTING APPEAL

A-12   DOCKET

## III.   TABLE OF AUTHORITIES

*Citations*

AJX Mortgage Trust I Taggart, Phila. C.C.P.. October Term, 2020, No. 01597.................14

Bayview Loan Servicing LLC v. Wicker, 206 A.3d 474 (Pa. 2019)................................10

Carringer v. Taylor, 402 Pa. Super. 197, 586 A.2d 928, (1990)......................................8

Chester Upland School District v. Yesavage, 653 A.2d 1319 (Pa. Cmmw. Ct. 1994).............19
Colorado River Water Conservation Dist. v. United States,

   424 U.S. 800, 96 S. Ct. 1236, 47 L.Ed.2d 483 (1976)....................................9,14

Dianoia's Eatery, LLC v. Motorists Mut. Ins. Co., 10 F.4th 192 (3d Cir. 2021).................9,14

Flagstar Bank, FSB v Walker, 37 Misc 3d 312, 317 [Sup Ct Kings County 2012].................20
Goldberg v Kelly, 397 US. 254 (1970) ...............................................................5,8

In re Halas, 226 B.R. 618, 623 (Bankr. N.D. Ill. 1998)............................................5

Johnson v Phelan Hallinan & Schmieg, LLP  No. 26 WAP 2019, August 18, 2020..........22

Jones v. Wells Fargo, 2012 Bankr LEXIS 1450 (E.D. La. 2012)...................................19

JP Morgan Chase Bank N.A.  v  Taggart, 203 A.3d 187 (Pa. Sup. Ct., Feb 20, 2019)............18

Keystone Tech. Group v. Kerr Group, Inc., 824 A.2d 1223, 1227-28 (Pa. Super. 2003)..........18

Kontrick v. Ryan, 540 U.S. 443, 455 (2004)......................................................20

LJL Transp., Inc. v. Pilot Air Freight Corp., 962 A.2d 639, 648 (Pa. 2009)

   (citations, brackets, and quotation marks omitted)........................................17

Mathews v. Eldridge, 424 U.S. 319 (1976)......................................................5,8

In re Mec Steel Bldgs., Inc., 136 B.R. 606 (Bankr. D.P.R. 1992).................................5

One West Bank, FSB v Greenhut, 36 Misc 3d 1205[A] [Sup Ct Westchester Co 2012]..........20

IFC Interconsult, AG v. Safeguard Intern. Partners, LLC., 438 F.3d 298, 306 (3d Cir. 2006)....14

John R. Sand & Gravel Co. v. United States, 552 U.S. 130 (2008).................................20

Pennzoil Co., Inc. v. Texaco, Inc., 481 U.S. 1, 15, 107 S. Ct. 1519, 1528 (1987)...........….......5

PNC Bank, N.A.v. Unknown Heirs, 929 A.2d 219, 230 (Pa.Super.2007).........................17

Pyeritz v. Pennsylvania, 32 A.3d 687, 692 (Pa. 2011)..................................................19

In re Revelle, 2021 WL 3669358, at *2 (Bankr. D. Del. Aug. 18, 2021).........................16

Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997)....................................................14

Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 890 (3d Cir. 1997)..................15

Security Mutual Life Ins. Co. of New York v. Contemporary Real Estate

    Assocs., 979 F.2d 329 (3d Cir.1992)...........................................................19

In Stogner v. California 539 U.S. 607 (2003)...........................................................22

Widmer Eng 'g.,Inc. v Dufella , 837 A.2d 459, 467-68 (Pa. Super. 2003),

    appeal denied, 852 A.2d 313 (Pa. 2004).................................................17

**Statutes/Rules**

11 U.S.C. §362.....................................................................................1,2,3

28 U.S.C. 1334(c)(2)..................................................................................5

28 U.S.C. § 1334(c)(1)................................................................................4

28 U.S.C. § 157.........................................................................................9

28 U.S.C. § 157(b)......................................................................................9

28 U.S.C. §1408.........................................................................................9

28 U.S.C. §1409........................................................................................9

13 Pa. C.S. § 3301……………………………………………………………….…..16

Pa C.S. § 5535(a)(1)………………………………………………………...……….20

Pa. C.S. §5529(b)(1)……………………………………………………….20,21

Pa C.S. 5525(a)(1)………………………………………………………………..20

Pa C.S. 5525(a)(7) & (8)…………………………………………………...….21

June 25, 2018, the Pennsylvania Legislature adopted a provision [HB 1979]

Pennsylvania House Bill 1979

**Federal Practice and Procedure**

See 17A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* §§ 4241-55 (2d ed. 1988)………….

## IV.   DESIGNATION OF ITEMS TO BE INCLUDED ON THE RECORD

Docket Numbers for Designation of Documents to be Included in the Record are: Docket:  #119, 120,144,147,151,152,158,170,171,172,175 *.

*Also transcript of hearing March 9, 2022  not on the docket.

[transcripts ordered by Plaintiff]

## V.   PRELIMINARY SATEMENT

On September 9, 2021 Debtor, the Appellant, filed for a Chapter 11 petition in bankruptcy in the Eastern District of Pennsylvania. Alleged Creditor, AJX Mortgage Trust I, filed a motion to stay claims pursuant to 11 U.S.C. §362 that Debtor had pending against them pre-petition on November 9, 2021.  Debtor objected to the motion contending that the bankruptcy petition and claims by Debtor pre-petition did not stay the claims pursuant to 11 U.S.C. §362. Moreover, Debtor complained to the court that the emergency motion failed to provide adequate notice to Debtor to prepare a defense. The motion was scheduled for November 10,2021. Debtor had less than 24 hours – notice of the hearing and little time to prepare a defense to said motion. It is also noted that there was no time to prepare a written brief in opposition as Pro Se Debtor can only file in person and had no way to research, formulate a defense, and draft a brief. Ultimately, the court on November 12, 2021 granted the "Stay" pursuant to 11 U.S.C. §362 without any meaningful hearing, nor even the ability to present oral argument. There was simply no due process effectuated and the property rights of Debtor were affected by the lack of due process.

Debtor then filed a Motion for Reconsideration to the Order issued by the Court on November 12, 2021 extending the "stay' to include *"non-core"* litigation that was pending prior to the litigation pursuant to 11 U.S.C. §362. Debtor contends that the court lacks jurisdiction and exceeded its authority to issue the *"stay"* improperly filed by creditor, AJX Mortgage Trust I. Relief was improperly granted pursuant to 11 U.S.C. §362 for the imposition of a "Stay" against debtor. **The statute is only authorizes authority of the court to impose a "stay" upon creditors…not debtors**, as the court did when it imposed a stay pursuant to 11 U.S.C. §362. The order should never have been **GRANTED.**  Simply put**,** 11 U.S.C. §362 does not grant the authority to stay claims of Debtor. Finally, the court entering a preordained order without any meaningful hearing is a violation of due process and property rights. As Such, the order should

1

be vacated for those reason alone. Debtor then appealed the "Stay" order to this court`.

Once AJX Mortgage Trust I, improperly stayed the claims in state court, they filed a "Motion to Determine Lien" in the Bankruptcy Court alleging that because AJX Mortgage Trust I had filed a claim in the bankruptcy court, the bankruptcy court had authority to adjudicate the same claims that had been filed pre-petition in state court and that were stayed by their prior filings pursuant to 362 of the bankruptcy code.

Appellant, as required upon the filing of the Motion to Determine Lien, responded by way of opposition to determine the lien, and asserted as part of the response an adversary complaint that he made part of the response to determine the lien. Without any answer filed, or adjudication of the adversary complaint that was made part of the response to the Motion to Determine the Lien, the court Granted the Motion to Determine the lien. There was no meaningful hearing, nor was the adversary complaint adjudicated prior to Granting the Motion to Determine the lien. By way of granting the motion without adjudication of the adversary which was filed as a response to the Motion, the order granting the motion was pre-mature at the very least and Appellant contends it violated his due process and property rights as it failed to adjudicate the adversary complaint that was part of the response to the motion.

As Such, there was no authority of the court to even hear this motion as it had no jurisdiction. AJX contends the mere filing of a claim in the bankruptcy court grants the authority to the court to hear any claim or motion that is filed within the bankruptcy court. Notwithstanding the forum shopping issue, and all other issues regarding jurisdiction, even if the court could somehow find jurisdiction, the failure to adjudicate the adversary complaint alone renders the order granting the motion as pre-mature and entered without due process of the claims. What the record clearly evinces is a "stay" improperly granted and essentially the adjudication of state claims without any due process. The adversary complaint was actually dismissed without prejudice when the bankruptcy court dismissed the case on May 4,2022.

## VI.   STATEMENT OF FACTS

### a.   Jurisdition

Undisputed facts in this appeal are that alleged creditor, AJX Mortgage Trust I, filed an "Emergency Motion to "Stay" claims of Debtor that he had against AJX that were pre-petition claims pursuant to 11 U.S.C. §362. The court provided Debtor less than 24 hours-notice of the hearing and granted the motion of AJX without any meaningful hearing.  AJX contended the proceeding was a core-proceeding and the court had authority to stay the claims Debtor had against 11 U.S.C. §362. Debtor contends the claims a non-core as the claims existed prior to the bankruptcy and 11 U.S.C. §362 provides no authority of the court to stay claims Debtor has against another party. Debtor also contends the lack of notice of the hearing provided no time to formulate a defense to said motion and was prejudiced by the short notice. The limited hearing provided for no argument before the preordained order was issued. Debtor contends the motion was granted without due process and violated his constitutional rights of due process and property rights.

### b.  Adjudication of Motion to Determine Lien

Alleged creditor, AJX Mortgage Trust I, alleged that the bankruptcy court had authority to adjudicate a "Motion to Determine Lien" when it filed  the motion that is subject to this appeal. Despite three pre-petition claims  regarding the same subject matter that were pending in state Court when the petition was filed on September 9, 2021, AJX Mortgage Trust I, failed to remove the claims to state court, but chose to forum shop and improperly characterized the claims to impose a stay pursuant to Rule 362 which was wholly improper, the assert authority of the bankruptcy court alleging the filing of a claim granted the authority to adjudicate the three state claims. The state claims being merely days away from trial evince that AJX simply wanted to change forums to avoid adjudication in December 2021 as scheduled by the state court.

3

## VII.  ORDERS IN QUESTION

### ORDER GRANTING MOTION TO DETERMINE LIEN"

### (Docket # 152) March 10, 2022

## VIII.  ISSUES PRESENTED ON APPEAL

**Appellant [Plaintiff] complains that the court erred as follows and brings the issues up for review to the appellate court.**

1) Appellant contends the court has no authority to Determine Lien when it stayed the quiet title action in state court in order to assert authority.

2) Appellant contends the claims should be heard in the state court action (already pending but improperly stayed by the court) Appellant contends: The court, even if it could find jurisdiction, abused its discretion when it did not abstain from hearing this case as a permissive abstention as a proceeding arising under the Code or arising in or related to a case under the Code as such abstention is in the interest of justice, comity with state courts, or respect for state law. 28 U.S.C. § 1334(c)(1)

3) The claims should have been adjudicated in the adversary complaint if the bankruptcy court could find jurisdiction. The motion was granted without claims being adjudicated in the adversary complaint.

4) Appellant contends the claims the motion was granted without any evidence of a valid lien, including a valid chain of title of the note and mortgage, evidence of any admissible evidence debt owed, and is otherwise barred by defenses as set forth in the motion and adversary complaint.

5) Appellant contends the Bankruptcy Court had no authority to enter an order in a non- core proceeding only findings of fact.

6) Appellant contends: The court lacked Jurisdiction as it was required by

"Mandatory Abstention" to *abstain* from hearing the case. the 'district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including

4

one where the debtor is a party) and where the claim can be timely adjudicated in state court.

7) Appellant Contends that the order is not consistent with established principles of comity, the state court is fully capable of fairly and competently determining the matters before it. See In re Halas, 226 B.R. 618, 623 (Bankr. N.D. Ill. 1998). See generally Pennzoil Co., Inc. v. Texaco, Inc., 481 U.S. 1, 15, 107 S. Ct. 1519, 1528 (1987) (federal courts should "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary".

8) Appellant contends: The Court lacked exclusive Jurisdiction over the case as they are non-core. By definition, these actions are non-core related proceedings because they existed prior to the filing of the bankruptcy petition. In re Mec Steel Bldgs., Inc., 136 B.R. 606 (Bankr. D.P.R. 1992).

9) Appellant contends : Pursuant to section 1334(c)(2), the 'district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including one where the debtor is a party) and where the claim can be timely adjudicated in state court.

10) Appellant contends : There was no meaningful hearing, right to present witnesses, provide oral argument, cross examine witnesses, cross examine opposing counsel, nor comply with all provisions of a due process and property rights hearing pursuant to Goldberg v Kelly 397 U.S. 254 (1970),Mathews v. Eldridge, 424 U.S. 319 (1976).

  a) There was no ability to present oral argument

  b) No ability to present witnesses,

  c) No ability to cross examine opposing party

  d) No ability to present evidence at a hearing

  e) Stay Imposed with no authority under the law against Debtor.

  f) The court failed to provide an opinion as required to justify order and stay.

  g) There was no meaningful due process

11) The court granted motion to determine lien when there was a 2nd lien holder recorded that was not made a party as a necessary joinder. (Ocwen Loan Servicing, LLC was the last party claiming 2nd lien of $27,600- originally Greenpoint lien recorded by Mortgage Electronic Registration Systems , Inc.

12)  Appellant contends the court improperly granted a lien on the property to AJX Mortgage Trust I in the amount of $409,496.16, despite a 2nd lien on the property of $27,600, a claim by AJX of a mortgage of only $120,000, and the total value of the property estimated to be $175,000. – No appraisal of the property was performed to determine a value of $409,496.16

## IX.    JURISDICTION OF THIS COURT

This appeal is a final order from the United States Bankruptcy Court for the Eastern District of Pennsylvania. This court, the District Court for the Eastern District of Pennsylvania, has authority to hear timely appeals that are final orders of the bankruptcy court. This timely appeal made by Debtor of a final order denying relief from stay has been appealed to this court for review.

## X.    SUMMARY OF CASE

AJX Mortgage Trust I (AJX) filed a motion to determine the property of its secured claim pursuant to § 502 of the United States Bankruptcy Code and Rule 3001 of The Federal Rules of Bankruptcy Procedure. Debtor contends is procedurally improper, is barred by collateral Estoppel, and other defenses. Moreover, the court should abstain from hearing the matter. This motion was an attempt at an *end-around*[1] the three pending cases pending in state court litigation in the Court of Common Pleas in Philadelphia County, Pennsylvania. AJX thwarted adjudication of Quiet Title, Declaratory Relief Claims, and  related claims by requesting the court impose a

---

[1] Cambridge Dictionary :

**solution to  problem that avoids the problem rather than dealing with it directly:** *We're not officially allowed to use outside contractors, so we'll need to do an end-around to bypass that <u>rule</u>.*

6

stay pursuant to §362 of the United States Bankruptcy Code. Despite the claims being set for trial in December 2020, the court imposed a "stay" to Debtors claims in state court despite Debtors objections that Rule §362 did not apply.

Additionally, the court did not attempt to remove the Quiet Title, Declaratory Relief Claims, and related claims claim to this court to be adjudicated. *See Exhibit "A" as Attached to Opposition to Determine Lien.* AJX did not even file a relief from stay to their claims they filed against Debtor in the two state court actions. *See Two Claims filed in State Court by AJX- See Exhibits "B" and "C" " as Attached to Opposition to Determine Lien.* Moreover, the motion even attempts to have two state court actions filed by AJX adjudicated by way of this motion. AJX filed a foreclosure action in state court as well as an action under the note only[2]. *See Two Claims filed in State Court by AJX- Exhibits "B" and "C" as Attached to Opposition to Determine Lien.*

As Such, this motion is a *text book case* of forum shopping to seek an end around the litigation in state court and have the claims adjudicated by way of a motion here in this court. The court may *glean from the record*, or pleadings, that AJX is attempting to have this court, by way of their motion, determine if a "Default" had occurred, and allege that the *prima facie* filing of their claim alleges the claim to be valid. That is wholly improper. AJX in its motion to impose stay contended that it reserved the right to file a quiet title action. This wholly improper as it failed to ever file a counter-claim in the quiet title action therefore forfeiting its right to file a claim regarding title. AJX has failed to ever raise a counter-claim in that action and is precluded or estops them from making bringing any claims for quiet title. *See Quiet Title Action and Related Claims -Exhibit "A" as Attached to Opposition to Determine Lien.* **Any challenge to**

---

[2] Yet more improper filings by AJX in an attempt at an end-round, or a futile attempt increase their chances of securing a verdict in their favor by filing two claims regarding the same action. This motion is essentially the third action attempting to adjudicate a alleged default under the note.

**title by AJX must have been raised as a counterclaim in the quiet title against them, and was therefore lost**, Carringer v. Taylor, 402 Pa. Super. 197, 586 A.2d 928, (1990). AJX has been estopped from making any Quiet Title Claims by operation of law or waiver. It must defend claims already alleged in state court by Debtor. The determination of property rights in the assets of a debtor's estate is determined by state law Burner v. United States, 440 U.S.48,54 (1979). **This motion is yet another attempt at an end-around claims that have been *estopped* for failure of AJX to raise them in the state court action already filed**. *Emphasis Added. See Quiet Title Action and Related Claims -Exhibit "A" as Attached to Opposition to Determine Lien.* Debtors claim of a valid lien, alleged ownership of the note and mortgage, alleged default, and alleged amount owed by Debtor has been  disputed and in the process of being litigated long before AJX proffered any claims in this court. Debtor has not consented to jurisdiction of this court to adjudicate three state court actions, nor is it procedurally proper. A mere motion to determine the claims as set forth by AJX violates Debtors due process rights, and right to adjudicate his claims in state court, as well as raise all defenses, and right to discovery. Any adjudication of the Claims made by AJX in their motion, and not by way of state court actions, would violate he due process rights as set forth in Goldberg v. Kelly, 397 U.S. 254 (1970) and  Mathews v. Eldridge, 424 U.S. 319 (1976).

As Such, this motion should be denied as improper and all of these claims determined in the state court action. In an abundance of caution, should that court render the motion as somehow proper, Debtor has filed an "Adversary Complaint" in response to the motion to determine the claims as made by AJX.  The court should have allowed the claims to proceed in state court and dismiss, without prejudice, the claims in the adversary complaint as being duplicative. The state court claims never should have been stayed.

## XI.   NO JURISDICTION OR AUTHORITY OF BANKRUPTCY COURT

The Bankruptcy Court did not have exclusive jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. The court must abstain for reasons set forth herein. The Bankruptcy is not proper before this Court under 28 U.S.C. §§ 1408 and 1409. This matteris a not a core proceeding pursuant to 28 U.S.C. §§ 157(b).

Debtor contested the jurisdiction of the Bankruptcy Court as it is not a core proceeding, nor did Debtor consent to jurisdiction of the Bankruptcy Court. *Importantly*, these very claims are identical to state court claims in the Philadelphia Court of Common Pleas. There are three actions pending in state court. *See Quiet Title Action and Related Claims -Exhibit "A", and Two Foreclosure Actions – Exhibit "B" and "C" as Attached to Opposition to Determine Lien.*

*More Importantly*, **neither party had removed any of the three state court claims to this court.** *Emphasis Added.*

*Finally*, Debtor contends the claims are non-core and did not grant consent to this court to adjudicate the claims. Even if the court could somehow find that this is a core matter, the first filed rule is well settled law within the third circuit, and the court must abstain from hearing the claims, Dianoia's Eatery, LLC v. Motorists Mut. Ins. Co., 10 F.4th 192 (3d Cir. 2021). Also See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).  Even as a core-proceeding, Debtor contends the court must abstain as a matter of law.

This is a **text book case of forum shopping**.  AJX attempted to adjudicate litigation by way of a motion as opposed to removing state claim actions, or by filing an adversary action. This is procedurally improper to adjudicate the scope of relief, long history, and complexity of claims, as demanded by AJX by way of a motion.  This court not only lacks the jurisdiction to

9

hear this motion, but a motion to resolve the issues presented is improper and can only be

determined by way of an adversary pleading. The claims involve a long history of over 12 years

and three unresolved state court actions, and  opinions of the Pennsylvania Supreme Court and

Superior Court. This claim is also an attempt to adjudicate the foreclosure action, and action

under the note AJX filed in state court. *See Three State Court Actions- Exhibits "A" through*

*"C".as Attached to Opposition to Determine Lien.* Any adjudication on these claims by way of a

motion only deprives Debtor of his due process rights, and ability to prosecute his quit tile and

related claims in state court, as well as proffer defenses of an alleged default and debt owed in

the state foreclosure action. *See Three State Court Actions- Exhibits "A" through "C" as*

*Attached to Opposition to Determine Lien.*

Debtor contends the Bankruptcy Court should have abstained from hearing the motion by

way of the *first filed rule* set forth herein. Additionally, even if the court could find this to be a

core-proceeding, this court should abstain from hearing as being mandatory as the issues, or

claims, should be resolved, in state court.

## XII.   <u>THE MORTGAGED PROPERTY AND LOAN BY THE DEBTOR</u>

AJX  alleges it has provided true and correct redacted copies of the loan application and

July 20, 2005 HUD-1 settlement statement confirming the refinance of the Saul Street Property.

**Exhibit A as incorporated by AJX in their motion are not original and authentic documents**

**and cannot be verified**. Predecessor, Great AJX Operating Partnership, LLC and Gregory

Funding, LLC, have testified that they have lost the original documents on this loan at trial in

May 2015 – See Deposition of Lysa Tracy. If the custodian could not authenticate the debt, there

is no admissible evidence of debt. Bayview Loan Servicing LLC v. Wicker, 206 A.3d 474 (Pa.

2019).

Debtor did not execute and deliver to Chase Bank an Adjustable Rate Note (the "Note"), in said amount, whereby the Debtor acknowledged and agreed to pay Chase Bank as specifically set forth therein. <u>Debtor signed a note with Chase Bank U.S.A. N.A.</u>(Not Chase Bank). The note as attached by AJX is not a true and correct copy of the Note as attached as <u>Exhibit</u> B to their motion.  The note is forged and not the true signature of Debtor, it has two tops of the Letter "T" and two middle initials "J".  The note has also been destroyed as it was missing an *allonge* from Ventures Trust 2013-I-H-R. *Deposition of Lysa Tracy -See Exhibit "F" as Attached to Opposition to Determine Lien.*

The chain of title of both the note and title did not travel the same path. OHA New Bury never held the Note, but was never assigned the mortgage. AJX does not have a proper chain of title to either the note or the mortgage. The note has been lost, or stolen, and the note produced has been forged. The mortgage is unenforceable, except to the original lender as the mortgage was never properly acknowledged  by the notary who did not witness the signature of the Debtor, had a pecuniary interest in the loan as she acted as both notary and closing agent.

Even if AJX could claim ownership to the mortgage and note, they are barred, or estopped, from enforcing the note and mortgage by way of applicable defenses including but not limited to, estoppel, res judicata, the statute of limitations, laches, justification, statute of frauds, and other defenses as set forth in the adversary proceeding attached.  Any claim that could be asserted, or may have, by AJX are also be offset by Claims that Debtor has against AJX in the Quiet Title and related claims action, as well as counter claims in the foreclosure action.

Any "Default" on a mortgage is properly determined in state court. AJX now has two actions in state court, but instead of requesting a relief from stay, they have chosen to circumvent due process and has sought an end around the proper procedure it has already filed in state court.

11

Certainly, these claims would have been adjudicated by now if they were not stayed by the court. Even now, they are ripe for adjudication as discovery and pre-trial has taken place. Without a proper determination of a default by way of due process, it is impossible to determine, what debt is owed, if any. Without due process, it is impossible to determine, if any debt or action is barred by way of any defenses to collection, or enforcement of any debt which may be raised in a foreclosure action.

## XIII.  <u>PROCEDURAL HISTORY</u>

On or about September 9, 2021 (the "Petition Date"), the Debtor filed his petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court in the Eastern District Pennsylvania, Case No. 21-12476. On or about October 26, 2021, AJX Mortgage filed its Proof of Claim alleging an amount past due and owing from the Debtor to AJX Mortgage along with copies of the Loan Document as Claim 6-1.

**Notably**, there are already three legal claims pending regarding these claims in the Philadelphia Court of Common Pleas. One action filed by Debtor against AJX and other parties in one action regarding  quiet title issues, and regarding a wrongful foreclosure which was overturned by the Pennsylvania Supreme Court. A second action by AJX alleging a default an foreclosure regarding the note and mortgage, and a third action by AJX only regarding the note.

**Also Notable**, prior to the three currently pending claims in state court, there were two other actions filed by predecessors on the same cause of action. The *<u>first action</u>* was filed by predecessor, Chase Bank U.S.A., by way of its servicer, Chase Home Finance, LLC on September 2, 2010, *See Exhibit* "D" *as Attached to Opposition to Determine Lien*, which was <u>dismissed on February 3,2011</u> – *See Exhibit "G" as Attached to Opposition to Determine Lien,*

and a *second foreclosure* filed by JP Morgan Chase Bank N.A. on July 26,2013, *See Exhibit E* ,
and later dismissed on August 5,2020 by the Court of Common Pleas in Philadelphia -*See
Exhibit "I" as Attached to Opposition to Determine Lien.*

**Moreover**, predecessor of AJX Mortgage Trust I, Great Ajax Operating Partnership, L.P.
in its motion filed in the Court of Common Pleas filed June 19, 2020 conceded that it failed to
comply with conditions precedent. *See Exhibit "J".* Moreover, the Pennsylvania Supreme
Court's opinion specifically opined that JP Morgan Chase Bank N.A. failed to comply with
conditions precedent – *See Exhibit "H" as Attached to Opposition to Determine Lien- Opinion
of the Pennsylvania Supreme Court.*

## XIV.   THE DEFAULT BY PREDECESSOR OF AJX

A Default is when a party fails to perform it duty under the contract. ***Here***, the mortgage
and note are contracts as a matter of law. The prior mortgagee, and predecessor of AJX [J.P.
Morgan Chase Bank N.A.] defaulted on the mortgage and note agreement [*i.e. contracts*] by not
crediting payments, not sending Taggart a "Notice of Dishonor" pursuant to 13 Pa. C.S.A. 3503
(c)  when the alleged mortgage and note were alleged to have been dishonored pursuant to the
contract and note, nor did they send a "Notice of Intent to Accelerate" prior to acceleration the
mortgage and note, nor "Notice of Intent to Foreclose" to Taggart as required by the contract at
15 and 22 of the mortgage and 7(c). **As Such, the Predecessor of AJX is the party in default.
This relieves Debtor, or mortgagor, of any obligation under the debt.**

On or about March 1, 2009 and continuing each month thereafter, Taggart has not
made monthly payments under the Loan Documents due to the breach of contract of Chase
Bank U.S.A., and Chase Home Finance, LLC, predecessors of AJX as stated herein, whereas ,
*inter alia*, it has demanded an accelerated amount of debt not in compliance with provisions of

13

the note and mortgage as stated herein, and initiated four wrongful foreclosure actions. On September 1, 2020, AJX Mortgage sent the Debtor its "Notice of Default" and intent to foreclose, but failed to ever proffer a "Notice of Intent to Accelerate" prior to acceleration which occurred on September 2, 2010, **an incurable defect**.

On or about October 21, 2020, AJX Mortgage filed a foreclosure complaint in the Court of Common Pleas, Philadelphia County, Term No. 2010001597 seeking to foreclose on the Saul Street Property. This third foreclosure action is improper as AJX has filed to meet conditions precedent by providing notice of intent to accelerate prior to acceleration. **In fact,** an incurable defect which estops AJX from filing a foreclosure action, and amounts to res judicata.

Finally, the foreclosure is barred by way of other defenses as set forth herein, including, *inter alia*, the statute of limitations and the statute of frauds as AJX has conceded the loan documents have been lost and they cannot tell how much is actually owed.

## XV.   ABSTENTION

This court should abstain from hearing this case pursuant to the **"first filed rule',** Dianoia's Eatery, LLC v. Motorists Mut. Ins. Co., 10 F.4th 192 (3d Cir. 2021). Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L.Ed.2d 483 (1976 ).

The threshold issue that must be decided in a Colorado River abstention case is whether the two actions are "parallel." Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997). "[P]arallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" IFC Interconsult, AG v. Safeguard Intern. Partners, LLC., 438 F.3d 298, 306 (3d Cir. 2006) (citations and quotations omitted). Other considerations are: (1) which court first assumed jurisdiction over a relevant res, if any; (2) whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court

14

first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights. Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 890 (3d Cir. 1997).  Accordingly, because (1) the state court first obtained jurisdiction, (2) the state court has jurisdiction over Debtors property, which is located in Philadelphia County, Pennsylvania, (3) the quiet title and foreclosure action(s) are parallel to this case, (4) the quiet title and foreclosure action(s) not yet come to final judgment, but may soon be adjudicated upon relief from stay, (5) Taggart's rights and claims could be vindicated in the quiet title action, and foreclosure action and state appellate process, and (6) a ruling in this court on Taggart's claims would unnecessarily cause havoc with the rulings of the state court. This Court should abstain from hearing his case and, to the extent it does not dismiss some or all of the claims pursuant to F.R.C.P. 12(b)(1) and/or (6), is should dismiss it without prejudice on abstention grounds.

## XVI.  RELIEF THAT WAS REQUESTED BY AJX

AJX contends the Federal Rules of Bankruptcy Procedure Rule 3001 provides that upon the request by a party in interest and after notice to the holder of the claim and a hearing, the courtmay determine the allowance and amount of a claim under Section 502.

What's problematic with the assertion under Rule 3001, and Section 502, is that the court not only render a lien valid, but it attempts to adjudicate a foreclosure action, and whether a default even occurred. It also attempts to adjudicate tan amount of debt owed, which is proper in the foreclosure action in state court. All of these claims are being adjudicated in state court. AJX is also estopped from raising quiet title claims when it fails to raise the in a counter claim. It failed to raise these issues in the state court action.

15

The scope of what AJX is requesting is beyond the authority of Rule 3001, and Section 502, and adjudication  by way of a hearing. This is notwithstanding the jurisdictional issues already presented herein. To that end, the requested relief by AJX in its motion should have been denied  and decided in the three state court actions, or in the alternative, in the adversary complaint filed contemporaneously with the opposition to determine lien.

## XVII. LEGAL ARGUMENT

**AJX Mortgage is not the holder** of the "Note", or successor in interest to the mortgage as proffered. To that end, Pennsylvania has adopted the Uniform Commercial Code whichprovides that only the "holder" of Note, **which is not AJX**, is entitled to enforce the note pursuant to 13 Pa. C.S. § 3301.

13 Pa. C.S. § 3301 provides in relevant parts:

Person entitled to enforce an instrument means 1) the holder of the instrument, 2) a non-holder in possession of the instrument who has the rights of a holder; 3) or a person not in possession of the instrument who isentitled to enforce the instrument pursuant to Section 3309 (relating to enforcement of lost, destroyed or stolen instrument) or 3418(d)(relating to payment or acceptance by mistake)

The record evinces inter alia, that:  a) the note has been destroyed or lost, b) the note proffered has been forged or photo-shopped and is not the original, nor has a valid chain of title, or provenance, of the note and mortgage been proffered.

### B.  AJX <u>IS NOT</u> A SECURED CREDITOR

As set forth in the Debtor's Petition and Schedules the Debtor is the owner of the Saul Street Property. <u>Debtor has objected to these claims of AJX on an on-going bases since at least January 2009</u>, and by way of three pending state court actions being litigated in state court, and two prior actions dismissed by predecessors. **The ultimate burden remains with the creditor.** *In re Revelle*, **2021 WL 3669358, at \*2 (Bankr. D. Del. Aug. 18, 2021).**

16

There is clearly a disputes that AJX Mortgage is the holder of the Loan Documents and contends AJX is entitled to enforce the Mortgage against the Saul Street Property. <u>There is also a second lien recorded on the property</u>. The lien alleged is in the amount of $120,000, not the $409,496 alleged. Nor cannot exceed the value of the property which is estimated to be $175,000.

As such**, there is a dispute** that **AJX Mortgage is a secured creditor in accordance Section 502(a) of the Bankruptcy Code** based upon the secured creditor's evidence.

### C. THE AMOUNT OF DEBT ALLEGED IS DISPUTED

AJX misleads the court alleging the debt owned is not disputed. The debt and default are clearly disputed and have been as evinced by three pending legal actions in state court, as well as the two prior actions already dismissed. Predecessor(s) to AJX Mortgage Trust I, Chase Bank U.S.A. N.A. , Chase Home Finance, LLC, and JP Morgan Chase Bank N.A. as they accelerated the mortgage without notice to Debtor, nor notice of dishonor by their admission on September 2, 2010, a fatal breach to enforcement of the contract. <u>When performance of a duty under a contract is due, any nonperformance is a breach.</u>, any nonperformance is a breach. <u>If a breach constitutes a material failure of performance, then the non-breaching party is discharged from all liability under the contract.</u> Widmer Eng 'g.,Inc. v Dufella , 837 A.2d 459, 467-68 (Pa. Super. 2003), appeal denied, 852 A.2d 313 (Pa. 2004) *(citations and quotation marks omitted).* The Pennsylvania Supreme Court has long recognized the established precept of contract law that a material breach of a contract relieves the non-breaching party from any continuing duty of performance thereunder.  It is equally well established, that a party also may not insist upon performance of the contract when he himself is guilty of a material breach of the contract. LJL

17

Transp., Inc. v. Pilot Air Freight Corp., 962 A.2d 639, 648 (Pa. 2009) (citations, brackets, and quotation marks omitted).

Predecessors also failed to provide a notice of intent to foreclose pursuant to the mortgage and note. These are conditions precedent to in order to render a default, or enforcement alleging default. They were not complied with by Mortgagee.. *"Due process, reduced to its most elemental component, requires notice"* PNC Bank, N.A.v. Unknown Heirs, 929 A.2d 219, 230 (Pa.Super.2007). Predecessors failed to effectuate notices as a condition precedent and wrongfully foreclosed on Taggart. It is well settled that if a contract contains a condition precedent, the condition precedent must occur before a duty to perform under the contract arises" Keystone Tech. Group v. Kerr Group, Inc., 824 A.2d 1223, 1227-28 (Pa. Super. 2003) (citation omitted). "Notice of Intent to Accelerate", and "Notice of Intent to Foreclose" are conditions precedent to accelerating a mortgage and filing a foreclosure JP Morgan Chase Bank v. Taggart, J-67-2018 (Pa. Feb. 20, 2019).

<u>AJX have proffered different amounts owed in the bankruptcy and foreclosure action.</u>

In the foreclosure complaint, AJX proffered that "As of October 16, 2020, the total amount of the Borrower's outstandingindebtedness to Lender under the Note and Mortgage is $250,334.33, itemized as follows":

| | |
|---|---|
| Principal | $115,110.18 |
| Interest from February 1, 2009 to October 16, 2020 | $110,746.57 |
| Late Charges | $6,297.68 |
| Negative Escrow Balance | $18,179.90 |
| Total | $250,334.33 |

18

The numbers do not add up, and have inserted costs without identifying what the "fees

and costs" are actually for. The amount alleged by AJX under the Loan Documents  to AJX

Mortgage, in their Motion asserting a Claim as of December 1, 2021 is as follows:

| | |
|---|---|
| Principal Balance | $115,110.18 |
| Interest as of 12/1/21 | $118,434.64 |
| Fees, costs | $150,326.49 |
| Escrow Advances | $ 25,624.85 |
| | |
| Total | $409,496.16* |

*Does not include additional interest which continues to accrue and/or additional attorneys'fees and costs incurred*

The amounts alleged by AJX amount to an inflated amount due attempting to

collect debt not owned and charge unauthorized changes, and late charges, without authority.

See Jones v. Wells Fargo, 2012 Bankr LEXIS 1450 (E.D. La. 2012) (debtor awarded punitive

damages of $3.1 against Wells Fargo for servicing abuses). Also, "**Unlawful post-**

**acceleration late charges" were charged to Taggart after acceleration occurred  on**

**August 14, 2009.  Security Mutual Life Ins. Co. of New York v. Contemporary Real**

**Estate Assocs., 979 F.2d 329 (3d Cir.1992);**

Lysa Tracy of Gregory Funding already testified at trial the original documents

were lost or destroyed, and they did not know how much was owed. If an issue of fact is raised,

the court shall consider evidence by depositions or otherwise , Chester Upland School District v.

Yesavage, 653 A.2d 1319 (Pa. Cmmw.  Ct. 1994). In Pennsylvania, the **spoliation of evidence is**

**defined** as "the non-preservation or **significant alteration of evidence for pending or future**

**litigation".** Pyeritz v. Pennsylvania, 32 A.3d 687, 692 (Pa. 2011). *See Exhibit "F" as Attached*

*to Opposition to Determine Lien.*  "Conduct such as providing conflicting information, refusal to

honor agreements, unexcused delay, unexplained charges, and misrepresentations have been held

19

to constitute bad faith." Flagstar Bank, FSB v Walker, 37 Misc 3d 312, 317 [Sup Ct Kings County 2012] [internal citations omitted]; see also, One West Bank, FSB v Greenhut, 36 Misc 3d 1205[A] [Sup Ct Westchester Co 2012]. AJX Mortgage Trust I, servicer Gregory Funding, LLC, as well as predecessors have all breached its duty of good faith and fair dealing, at the very least.

## XVIII.  STATUTE OF LIMITATIONS JURISDICTIONAL

The Supreme Court in John R. Sand & Gravel Co. v. United States, 552 U.S. 130 (2008), reaffirmed a long line of Supreme Court cases that held that this statute of limitations is jurisdictional and cannot be waived "Jurisdiction," properly defined, refers to a court's "adjudicatory authority." Kontrick v. Ryan, 540 U.S. 443, 455 (2004).

### A.      CLAIMS BARRED PURSUANT TO PA C.S. § 5535(A)(1)

The record evinces an acceleration that occurred on September 2, 2010. That action was dismissed on February 3, 2011. By way of the applicable statute of limitations as provided in Plaintiff's claims are barred for failure to refile claims within one year after the claims were dismissed on February 3,2011, Pursuant to Pa C.S. § 5535(a)(1)*, if a party timely commences an action that is later terminated, that party may commence a new lawsuit on the same cause of action within one year of the termination.* Plaintiff's claims are time barred after February 3, 2012.

### B.  FOUR YEAR STATUTE OF LIMITATIONS FROM ACCELERATION DATE APPLIES AS 20 YEAR STATUTE HAS EXPIRED

Since acceleration occurred on September 2, 2010, the application of Pa. C.S. §5529(b)(1), has expired, and that statute is inapplicable by way of an *ex post facto* application. Any breach of contract claims have been exhausted citing 42 Pa C.S. 5525(a)(1), as the 20 year statute of limitations pursuant to Pa. C.S. § 5529(b)(1) expired on June 27,2018.

20

## C.      NO EX POST FACTO APPLICATION OF THE LAW

The Mortgage and Note were originated on July 20, 2005. The applicable statute of limitations pursuant to Pa. C.S. § 5529(b)(1) at that time held that the 20 year statute of limitations was to sunset [or expire] specifically as stated [and as intended by the Pennsylvania legislature intended on June 25,2018. As of July 20, 2005, when the mortgage and note were originated, the applicable law was for the application of the 20 year statute of limitations to sunset on June 27, 2018, and that subsequent to the expiration, or the sunset of the 20 year statute, Pa C.S. 5525(a)(7) & (8), would then be applicable to a mortgage created on July 20,2005.

On, June 25, 2018, the Pennsylvania Legislature then adopted a provision [HB 1979] that it would then at that time, upon passage, no longer sunset the 20 year statute of limitations. Any provision of HB 1979 is an *ex post facto application* and would have no application to the present mortgage and note. **As  Such,** the four year statute applies. The mortgage and note were accelerated on September 2,2010. Once the loan was accelerated, no monthly payments were permitted, and only one accelerated payment was demanded by Plaintiff.  The 20 year statute of limitations expired on June 27, 2018, but AJX still filed a foreclosure in October 21, 2020. Any claims should have been filed, prior to the June 27, 2018 sunset of the 20 year Statute of Limitations. The *ex post facto* deleting of the sunset is inapplicable to those actions, or any future actions which effectively render the claims time barred.

42 Pa. C.S. § 5529 Section 5529 - Twenty year limitation (a) Execution against personal property An execution against personal property must be issued within 20 years after the entry of the judgment upon which the execution is to be issued. (b) Instruments under seal (1) Notwithstanding section 5525(7) (relating to four year limitation), an action upon an instrument in writing under seal must be commenced within 20 years. (2) [Deleted by 2018 Amendment.] 42 Pa. C.S. § 5529 **Amended by P.L. TBD 2018 No. 46, § 1, eff. 6/25/2018**.

21

In **Stogner v. California** 539 U.S. 607 (2003), the United States Supreme Court held that *ex post facto*, or retroactive extensions to the statute of limitations was unconstitutional. Additionally, the Pennsylvania Supreme Court has <u>recently upheld *ex post facto* applications</u> of the law when it applied the legislature's intent, Johnson v Phelan Hallinan & Schmieg, LLP No. 26 WAP 2019, August 18, 2020.

## XIX. CONCLUSION

These claims may not be adjudicated by way of a motion due to their complexity and pending litigation in state court. The court should deny this motion and allow claims to proceed in state court. In the alternative, the claims should be adjudicated by way of the adversary complaint contemporaneously filed with this opposition and is made part of the reply and opposition to the motion.

<u>/s/ Kenneth Taggart</u>

Kenneth Taggart, Pro Se

May 13, 2022

22